IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY LACASTRO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN WETZEL, MALINDA )<br>ADAMS, KAREN FEATHER, JEAN )<br>HOLDEN and MR. MOORE, )<br>)<br>Defendants. ) | Civil Action No. 2:21-cv-597<br><br>Magistrate Judge Patricia L. Dodge |

# MEMORANDUM[1]

For the following reasons, the Court will dismiss this civil action for failure to prosecute, dismiss the pending Motions to Dismiss (ECF 25, 32) as moot and close this case.

## I.   Relevant Background

Plaintiff Anthony Lacastro is a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC") who is housed at SCI Mercer. He filed an Amended Complaint (ECF 13) with this Court on July 28, 2021. He names as defendants John Wetzel, who is the former Secretary of the DOC, and the following individuals who worked at SCI Mercer during the relevant time period: Malinda Adams, Karen Feather, Mr. Moore and Dr. Jean Holden.

Plaintiff asserts in the Amended Complaint that Defendants violated his constitutional rights when they exposed him to COVID-19 from March 2020 through January 2021 by housing him near individuals who were infected with the virus. (ECF 13 at 1-2.) Plaintiff also alleges that he has serious medical conditions and that the exposure to COVID-19 has resulted in daily pain,

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case. Therefore, the undersigned has the authority to decide dispositive motions and enter final judgment.

emotional distress, and serious risk to his future health. (*Id.* at 1.) Plaintiff does not allege that he contracted the COVID-19 virus during the time at issue in this lawsuit, however. Based on these allegations, Plaintiff raises claims under 42 U.S.C. § 1983 against all Defendants for violating his Eighth Amendment rights. (*Id.* at 1-2.)

Plaintiff also asserts § 1983 against one or more defendants (purportedly arising under the First Amendment) based on his allegation that he lacked access to the grievance box and was unable to obtain grievance forms. (*Id.* at 1-2.) Despite these allegations, Plaintiff describes the grievance he did file, and claims to have appealed it to final review in accordance with the relevant DOC policy. (*Id.* at 10.)

On October 14, 2021, Defendants Wetzel, Adams, Feather and Moore (collectively, the "DOC Defendants") filed a Moton to Dismiss the Amended Complaint. (ECF 25.) The Court ordered Plaintiff to respond to that motion by November 16, 2021. (ECF 30.) Plaintiff did not comply with the Court's order or request an extension. Thereafter, the Court issued an order (ECF 31) directing that Plaintiff must respond to the DOC Defendants' Motion by December 31, 2021, or otherwise show cause why his case against them should not be dismissed for his failure to do so. Plaintiff did not comply with the Court's order or otherwise communicate with the Court.

In the meantime, Defendant Dr. Holden filed a Motion to Dismiss on December 2, 2021. (ECF 32.) The Court ordered Plaintiff to respond to that motion by January 3, 2022. When Plaintiff did not comply with that order, the Court issued an order directing that he must file his responses to both of the pending Motions to Dismiss by January 28, 2022 or show cause why this civil action should not be dismissed for failure to prosecute. The Court further instructed that if Plaintiff required an extension to respond to either of the pending motions, he must notify the Court by January 21, 2022. (ECF 35.)

On January 12, 2022, counsel for Defendant Dr. Holden filed a notice (ECF 36) which contained a motion for an extension that Plaintiff had emailed to him but did not file with the Court. Giving Plaintiff the benefit of the doubt since he is an inmate who is proceeding *pro se*, the Court took judicial notice of the motion for an extension but advised Plaintiff that in the future he must file all documents by mailing them to the Clerk of Court. The Court granted Plaintiff an extension and directed him to file his responses to the pending motions by February 28, 2022. (ECF 37.)

When Plaintiff did not comply with that order, request an extension, or communicate with the Court in any manner, the Court issued yet another order (ECF 38) that advised Plaintiff that he must file his responses to the pending Motions to Dismiss by March 25, 2022 or show cause was this case should not be dismissed for failure to prosecute. The Court expressly notified Plaintiff that his failure to comply with the order will be construed as indicating his desire not to continue prosecution of this case and the Court will dismiss it for failure to prosecute. Plaintiff did not comply with that order, request an extension or communicate with the Court in any manner. It thus appears that Plaintiff has abandoned his prosecution of this case.

**II.      Discussion**

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of an action or a claim, and under this Rule, a district court has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order. *See, e.g.*, *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994). In *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted).

There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). None of the *Poulis* factors are dispositive and not all of them need to weigh in favor of dismissal before dismissal is warranted. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Rather, the Court must "properly consider and balance" each of the six factors based on the record. *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019) (citing *Poulis*, 747 F.2d at 868). It must also analyze the factors in light of the "strong policy favoring decisions on the merits." *Id.*

The first and fourth *Poulis* factors—the extent of Plaintiff's personal responsibility and whether his conduct is willful—each weigh heavily in favor of dismissal. Plaintiff is proceeding *pro se* and is solely responsible for his own conduct. *See, e.g.*, *Emerson v. Thiel College,* 296 F.3d 184, 190 (3d Cir. 2002); *Winston v. Lindsey*, No. 1:09-cv-224, 2011 WL 6000991, *2 (W.D. Pa. Nov. 30, 2011). Plaintiff has not communicated directly with the Court since July 2021 when he filed an Amended Complaint. There is no reason to believe that he is not receiving the Court's orders since none of them have been returned as undeliverable, or that he is prevented from filing documents with this Court. Under the circumstances, the Court must conclude that Plaintiff's decision not to communicate with the Court and comply with Court orders is intentional. *See, e.g.*, *Quadr v. Overmyer*, 642 F. App'x 100, 103 (3d Cir. 2016) (the district court correctly concluded

4

that the plaintiff's actions were willful when he would not accept mail from the court, failed to respond to a motion to dismiss, and repeatedly missed deadlines).

The second *Poulis* factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams*, 29 F.3d at 874 (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). Although this factor does not weigh heavily in favor of dismissal at this time, it is not neutral either. Plaintiff's repeated missing of deadlines and his failure to communicate with the Court frustrates and delays resolution of his claims against all Defendants. *Mack v. United States*, No. 3:17-cv-1982, 2019 WL 1302626, *1 (M.D. Pa. Mar. 21, 2019) (plaintiff's continued failure to communicate with the district court and inaction "clearly prejudices the Defendants who seek a timely resolution of the case.") Thus, the second *Poulis* factor weighs at least slightly in favor of dismissal.

The third *Poulis* factor considers whether there is a history of dilatoriness. "[E]xtensive or repeated delay or delinquency constitutes a history of dilatoriness[.]" *Adams*, 29 F.3d at 874. "A party's problematic acts must be evaluated in light of its behavior over the life of the case[,]" *id.* at 875 and, typically, "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" *Briscoe*, 538 F.3d at 261 (citing *Scarborough*, 747 F.2d at 875, and *Donnelly v. Johns-Manvill Sales Corp.*, 677 F.2d 339, 343 (3d Cir. 1982)). Here, Plaintiff has failed to comply with all Court-ordered deadlines and has not communicated with the Court in any manner since July 2021. For these reasons, the third *Poulis* factor weighs in favor of dismissal.

The fifth *Poulis* factor requires the Court to consider the effectiveness of sanctions other than dismissal. Under the circumstances presented here, in which Plaintiff does not comply with

Court orders, no longer communicates with the Court and appears to have abandoned the litigation, alternative sanctions would not be effective. *Bowie v. Perry*, No. 1:19-cv-13, 2019 WL 2412488, *2 (W.D. Pa. May 13, 2019) ("alternative sanctions are unlikely to be effective against a party who refuses to communicate with the Court."), report and recommendation adopted by, 2019 WL 2410796 (W.D. Pa. July 7, 2019). As such, this factor weights in favor of dismissal.

When evaluating the sixth *Poulis* factor, the Court must consider the potential merits of Plaintiff's claims. A claim will be deemed meritorious "when the allegations of the pleadings, if established at trial, would support recover by plaintiff." *Poulis*, 747 F.2d at 869-70. The standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim, and not the summary judgment standard, is applicable in the *Pouli*s analysis. *Briscoe*, 538 F.3d at 263. Plaintiff's failure to prosecute this action makes it difficult to determine whether the Eighth Amendment claims asserted against Defendants has, or could have, potential merit.[2] Thus, this final *Poulis* factor does not weigh in favor of dismissal. However, as set forth above, none of the *Poulis* factors are dispositive and not all of them need to be met for a district court to find that dismissal is warranted.

## III.    Conclusion

In conclusion, at least five of the six *Poulis* factors weigh in favor of dismissal. The Court cannot properly control its docket, move this action forward, and properly protect the rights of all

---

[2] The same cannot be said for Plaintiff's claim premised on his allegation that he lacked access to the grievance box and grievance forms. This claim has no merit and would be subject to dismissal with prejudice. As the DOC Defendants point out in their Motion to Dismiss, inmates "do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005). Thus, because access to prison grievance procedures is not a constitutionally mandated right, "allegations of improprieties in the handling of grievances do not state a cognizable claim under § 1983." *Glenn v. DelBalso*, 599 F. App'x 457, 459 (3d Cir. 2015). *See, e.g.*, *Walker v. Mathis*, No. 15-cv-5134, 2016 WL 2910082, *9 (E.D. Pa. May 19, 2016) (an inmate does not have a constitutional right to an inmate grievance process and therefore cannot state a § 1983 claim based on a prison's failure to provide one.)

parties, if Plaintiff fails to comply with Court orders and stops communicating with the Court altogether. He has consistently done all of those things. Therefore, the Court will dismiss this civil action without prejudice for failure to prosecute, dismiss as moot the pending Motions to Dismiss (ECF 25, 32) and close this case.

    An appropriate Order follows.

BY THE COURT:

Dated: April 7, 2022

s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge